ALBERT RUBERTO AND KATHLEEN RUBERTO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ruberto v. Commissioner
Docket No. 22752-83.
United States Tax Court
T.C. Memo 1984-557; 1984 Tax Ct. Memo LEXIS 119; 48 T.C.M. (CCH) 1438; T.C.M. (RIA) 84557; October 17, 1984. Albert Ruberto, pro se. Amy Gordan, for the respondent. GUSSIS MEMORANDUM FINDINGS OF FACT AND OPINION GUSSIS, Special Trial Judge: This case was assigned to Special Trial Judge James M. Gussis for consideration and ruling pursuant to the provisions of section 7456(c) and (d) [1] and General *120 Order No. 8, 81 T.C. XXIII (1983). Respondent determined (1) deficiencies in petitioners' Federal income tax for the taxable years 1980 and 1981 in the respective amounts of $525 and $2,793; (2) additions to tax under section 6653(a)(1) for 1980 and 1981 in the respective amounts of $26.25 and $139.65; and (3) an addition to tax under section 6653(a)(2) for 1981 in the amount of 50 percent of the interest due on the underpayment of $2,793 attributable to negligence. The issues are whether petitioners are entitled to a charitable contribution deduction for amounts purportedly paid to the Universal Life Church, Inc. of Modesto, California in 1980 and 1981 and whether petitioners are liable for the additions to tax under section 6653(a)(1) and 6653(a)(2). Petitioners were residents of Staten Island, New York at the time the petition herein was filed. Petitioner Albert Ruberto was employed as a foreman by the New York Transit Authority during the years 1980 and 1981, reporting wages in the respective amounts of $25,432 and $28,433. He claimed charitable contribution *121 deductions on his 1980 and 1981 Federal income tax returns for purported contributions to the Universal Life Church, Inc. of Modesto, California in the respective amounts of $2,293 and $13,925. Respondent disallowed the deductions. Petitioner has the burden of proof to show that he is entitled to a charitable contribution deduction within the meaning of section 170. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Section 170(a)(1) provides that a charitable contribution shall be allowable as a deduction only if verified under the prescribed regulations. The regulations provide that the district director may require statements from donee organizations to corroborate claimeddeductions.Section 1.170A-1(a)(2)(iii), Income Tax Regs.In order to establish his contributions to the Universal Life Church, Inc. of Modesto the petitioner offered certain "receipts" from the church in Modesto, the 1980 "receipts" bearing the signature of Bishop Imbeau and the 1981 "receipts" signed by one Linda Earhart. [2] These purported receipts were excluded from evidence by the Court because of their hearsay character.See Davis v. Commissioner,81 T.C. 806, 814 (1983); *122 see also Mustain v. Commissioner,T.C. Memo. 1982-670. Petitioner's vague and implausible testimony with respect to the details of the purported donations in 1980 and 1981 (every two weeks) was singularly unpersuasive. On this record we must conclude that petitioner has completely failed to meet his burden of showing that he made any contributions to the Universal Life Church, Inc. of Modesto within the meaning of section 170. We hold therefore that petitioner is not entitled to a charitable contribution deduction under section 170 for the purported donations to the Universal Life Church, Inc. in 1980 and 1981. Section 6653(a)(1) imposed an addition to tax if any part of the underpayment of tax is due to negligence or intentional disregard of rules and regulations. This Court has repeatedly sustained the addition to tax under section 6653(a)(1) in situations such as this involving efforts of this type to *123 create deductions through purported charitable contributions to a "church". See Davis v. Commissioner,supra, at 820. We are satisfied on this record that the addition to tax under section 6653(a)(1) is fully justified here. We also find on the basis of the entire record that the underpayment of tax in 1981 due to negligence is $2,793. Consequently, respondent's claim for an addition to tax under section 6653(a)(2) for the taxable year 1981 is sustained. We must next decide whether damages should be awarded to the United States under section 6673. Section 6673, as applicable here, provides that "[w]henever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision." We have considered the record in this case and we find this action to be frivolous and to have been instituted primarily for delay. Accordingly, we award damages to the United States pursuant to section 6673 in the amount of $2,000. *124 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. The record is unclear as to the source of these receipts. At one point petitioner indicated they were mailed to him from the church in Modesto. Later, petitioner suggested that he made the cash donations at meetings and would get a receipt.↩